Filed 9/17/24  P. v. Davis CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DON ANGELO DAVIS,<br><br>    Defendant and Appellant. | A169699 & A170137<br><br><br>(San Francisco County<br>Super. Ct. No. CR14031702) |

In 2015, Don Angelo Davis was convicted of first degree residential robbery (Penal Code,[1] § 211), and other offenses.  He received a third-strike sentence of 60 years to life that included enhancements for prior prison terms (§ 667.5, subd. (b)).  Section 1172.75 mandates resentencing of persons subjected to such enhancements before 2020.  Davis filed a resentencing petition that the trial court granted in part, imposing a determinate sentence of 21 years.  Davis appealed.  His appellate counsel filed a brief stating he had reviewed the record and found no arguable issues to pursue.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 231 (*Delgadillo*).)  We notified Davis of his right to file a supplemental brief (*id.* at pp. 231–232), which he did.  We have

---

[1] All statutory citations are to the Penal Code.  After Davis filed his petition in 2022 under what was then section 1171.1, the Legislature renumbered the provision without substantive change to section 1172.75.  (Stats. 2022, ch. 58, § 12.)  We cite to section 1172.75 for consistency's sake.

1

evaluated his arguments and found none of merit.C:\Users\lfischer\Documents\Cleaning (step 1)\h - co_footnote_B00012077441480_1 (*Id.* at p. 232 [if appellant submits supplemental brief, the Court of Appeal must "evaluate the specific arguments presented in that brief"].)  We thus affirm the judgment, though we remand for the clerk to correct a clerical error in the abstract of judgment.

## BACKGROUND

### *Underlying Charges, Conviction, Sentence, and Appeal*[2]

In 2015, Davis was charged with first degree residential robbery (§ 211), first degree residential burglary (§ 459), and possessing a firearm as a felon (§ 29800, subd. (a)(1)).  The information alleged that Davis personally used a firearm in committing the robbery and burglary (§ 12022.53, subd. (b)) and that he had two strikes (§ 667, subd. (c) & (d); § 1170.12, subd. (b)), two prior serious felony convictions (§ 667, subd. (a)), and nine prior prison terms (§ 667.5, subd. (b)).  A jury found Davis guilty on all counts, and the jury or trial court found true all enhancement allegations.

The trial court imposed a third-strike sentence composed of an upper term of 6 years for first degree residential robbery, plus a 10-year enhancement for firearm use (§ 12022.53, subd. (b)), two 5-year enhancements for prior serious felony convictions (§ 667, subd. (a)), and seven 1-year enhancements for prior prison sentences (§ 667.5, subd. (b)),[3] yielding an indeterminate term of 33 years to life.  To that, the court added the

---

[2] We draw this summary from our opinion on Davis's direct appeal. (*People v. Davis* (Jan. 6, 2017, A145494) [nonpub. opn.].)  Because the facts of the underlying crime are not relevant to any issue on this appeal and are set forth in that opinion, we do not recount them here.

[3] The record shows the court stayed imposition of sentence on two of the nine prior-prison-term enhancements, but it does not indicate why.

enhancements listed above, totaling 27 years, for a total sentence of 60 years to life.[4]  We affirmed.

### *Resentencing Proceedings*

In January 2022, Davis filed a petition for resentencing under section 1172.75.  The court appointed counsel, who arranged for an expert witness— a "mitigation specialist"—to prepare a "Bio-Psychosocial Life History Report." Counsel urged the court to perform a full resentencing pursuant to section 1172.75, subdivision (d)(2), which requires a court to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (See *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 [section 1172.75 authorizes full resentencing].)

Counsel's memorandum requested that, in addition to fulfilling its statutory duty to dismiss the seven 1-year prior-prison-term enhancements (§ 667.5, subd. (b)), the court exercise its discretion to reduce the sentence based on factors discussed in the mitigation report made relevant by recent amendments to section 1385, governing the dismissal of enhancements (see Stats. 2021, ch. 721, § 1), and by other recent ameliorative changes in sentencing law.  Noting that Davis's two strikes were from 1989 and 1995, counsel asked the court to (1) dismiss the 1989 strike (see *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497); (2) impose the middle or low term for robbery (see § 1170, subds. (b)(2), (6) & (7), as amended by Stats. 2021, ch. 731, § 1.3); (3) strike the newly strikable five-year enhancement for a

---

[4] The court imposed an identical indeterminate term for first degree residential burglary, which it stayed pursuant to section 654, and a four-year concurrent term for possessing a firearm as a felon.

prior serious felony based on the 1989 conviction (see § 667, subd. (a), as amended by Stats. 2018, ch. 1013, §§ 1–2); and (4) strike the newly strikable firearm enhancements (§ 12022.53, subd. (b), as amended by Stats. 2017, ch. 682, § 1).  In sum, Davis proposed a new determinate sentence of 11 years, consisting of a 3-year low term for robbery, doubled for the remaining strike (§§ 211, 667, subd  (e)(1); § 1170, subd. (b)(6)), and a single 5-year enhancement for the remaining serious felony conviction (§ 667, subd. (a)).

The People contended Davis was entitled only to have the seven 1-year prior-prison-term enhancements stricken (both as components of the minimum term of the indeterminate sentence and in their own right), which would reduce the aggregate sentence from 60 years to life to 46 years to life.

At the December 2023 resentencing hearing, the trial court accepted Davis's arguments in part.  It struck the seven prior-prison-term enhancements (§ 667.5, subd. (b)), found that the mitigation report showed significant youthful trauma suffered by Davis that justified a low term of 3 years on the robbery count (§ 1170, subd. (b)(6)), and dismissed the 1989 strike and the 5-year enhancement based on that conviction (§ 667, subd. (a)).  But the court declined to dismiss the 5-year prior-conviction enhancement based on the remaining strike or the 10-year gun-use enhancement.  Collectively, those rulings yielded a determinate second-strike sentence of 21 years.  The sentence comprises a 3-year low term for robbery (§ 211), doubled for the 1995 strike (§ 667, subd. (e)(1)); a 10-year firearm enhancement (§ 12022.53, subd. (b)); and a 5-year prior felony conviction enhancement (§ 667, subd. (a)).  The court imposed the same sentence on the burglary count, stayed pursuant to section 654, and a concurrent 16-month

4

low term for possessing a firearm as a felon, doubled to 32 months, and also stayed pursuant to section 654.[5]

## DISCUSSION

After carefully reviewing Davis's brief, we conclude that many of its arguments are not cognizable in this appeal, and those that are lack merit.

Davis's first claim is that, at the resentencing hearing, the court "struck a 1989 strike that was clearly not before him in [the] preliminary hearing [in 2015]." Davis claims he was charged initially with only one strike, and his trial counsel told him, "it would not be the 1989 strike." Davis submitted with his supplemental brief a copy of a section 995 motion by his trial counsel to set aside two counts of the information. Its background section noted that the People had pled special allegations under provisions including "[sections] 667(d) & 1170.12(c)&(d) (1 prior strike)." Davis asserts that, after he declined a plea bargain, he was "informed that the case was no longer a one-strike case [but] was a two-strike case." Based on those allegations, Davis contends the trial court in 2015 "abused its discretion trying and convicting [him] with a third strike" that was not initially pled.

This argument fails for three reasons. First, like the filing of a petition for resentencing in light of changes in the law governing accomplice liability for homicide (§ 1172.6), the filing of a section 1172.75 petition does not give a petitioner a second chance to claim error in their underlying trial. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["The mere filing of a [section 1172.6]

_____

[5] The court continued the hearing to February 2024 for a calculation of custody credits. Davis ultimately filed two notices of appeal: one in January 2024, after the hearing at which the court determined all aspects of his new sentence other than credits (appeal No. A169699), and one in February 2024, after the court resolved that issue (appeal No. A170137). This court granted an unopposed request to consolidate the appeals for all purposes.

5

petition does not afford the petitioner a new opportunity to raise claims of trial error"]; cf. *People v. Deere* (1991) 53 Cal.3d 705, 713 [after Supreme Court ordered remand limited to penalty-phase issues and otherwise affirmed judgment, defendant cannot raise claims of guilt-phase error on appeal following remand]; *People v. Senior* (1995) 33 Cal.App.4th 531, 535 ["California law prohibits a direct attack upon a conviction in a second appeal after a limited remand for resentencing"].) Second, Davis has not provided a record on appeal showing whether, when, or under what circumstances the court allowed an amendment of the information to allege a second strike, let alone that it erred in doing so. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 [" 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]' "].) Finally, even were Davis's contention cognizable and supported by the record, the hearing on his section 1172.75 petition eliminated any possible prejudice, for the trial court *struck* the 1989 strike and resentenced Davis from scratch to a sentence based on his having only a single strike.[6]

Davis also notes that the trial court issued two abstracts of judgment in 2015 and requests that the first abstract "be honored"—by which he seems to mean treated as limiting his sentence to the term listed therein. The first abstract, issued on a form designed for cases involving determinate sentences, recorded only Davis's four-year determinate sentence for possessing a firearm as a felon. The second abstract, issued nine days later on a form for indeterminate sentences, recorded his indeterminate sentences

---

[6] After the trial court resentenced Davis, the clerk of court issued an amended abstract of judgment that fails to reflect that the court based the new sentence on Davis having one strike—not zero. We will remand for the clerk to file an amended abstract indicating Davis was sentenced as a defendant with a prior strike.

of 60 years to life for robbery and burglary, with enhancements. Davis's request to "honor" one abstract presumes they are in conflict or mutually exclusive, when in fact they are complementary—one for his determinate term, one for his indeterminate terms. The request also misapprehends the nature of an abstract of judgment. It merely records in writing a sentence pronounced orally. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2 ["The record of the oral pronouncement of the court controls"]; *People v. Mitchell* (2001) 26 Cal.4th 181, 185–186 [if oral pronouncement of judgment and abstract of judgment differ, oral pronouncement controls].)

Davis's remaining arguments claim errors in his underlying trial and thus cannot be considered on this appeal following a proceeding limited to resentencing. (See *People v. Farfan*, *supra*, 71 Cal.App.5th at p. 947; cf. *People v. Deere*, *supra*, 53 Cal.3d at p. 713.)

After finding no arguable issues to pursue on appeal, Davis's appellate counsel requested in his brief that we exercise our discretion to review the entire record of the section 1172.75 proceeding to identify any issues. (*Delgadillo*, *supra*, 14 Cal.5th at p. 230.) Having exercised our discretion to do so, we found none (other than the above-noted clerical error in the amended abstract of judgment).

## DISPOSITION

The order resolving Davis's section 1172.75 petition and the resulting judgment are affirmed. The clerk of court is directed to prepare an amended abstract of judgment, checking the box in part 4 to indicate that defendant was sentenced "per PC 667(b)–(i) or PC 1170.12 (strike prior)" and to forward a certified copy to the Department of Corrections and Rehabilitation.

7

_____
DESAUTELS, J.

We concur:


_____
STEWART, P.J.


_____
MILLER, J.


*People v. Davis* (A169699 & A170137)